IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY D. WILLIAMS,

        Plaintiff,                    No. CIV S-10-0773 GEB EFB P

        vs.

DAILY REPUBLIC, INC, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is confined at Solano County Jail and is proceeding without counsel in this action. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). By separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

        Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

1

defendant.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff's complaint alleges that the Daily Republic, Inc., permits its staff writers to defame and racially discriminate by publishing color photos of plaintiff, who is African American, and that the articles include false statements. *See* Dckt. No. 1.

Generally, original federal subject matter jurisdiction may be premised on two bases: (1) federal question jurisdiction, and (2) diversity jurisdiction. District courts have federal question

jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009). District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.

      Plaintiff's complaint does not contain allegations related to this court's subject matter jurisdiction. The complaint does not allege that diversity jurisdiction exists over plaintiff's claims. Moreover, the complaint does not allege that this court has federal question jurisdiction over plaintiff's apparent claim for defamation. While plaintiff refers to "racial discrimination" and the First and Sixth Amendments of the U.S. Constitution, plaintiff has not identified proper defendants for such claims. In order to state such civil rights claims under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff, fails to allege that the defendants were state actors or that they were otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983

3

1  must be a person who may fairly be said to be a governmental actor) (citation and quotations
2  omitted). Section "1983 excludes from its reach merely private conduct, no matter how
3  discriminatory or wrong." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50
4  (1999) (citation and internal quotation marks omitted). Furthermore, plaintiff fails to allege facts
5  showing how defendants' actions resulted in the deprivation of any constitutional right.
6  Accordingly, the complaint must be dismissed.

7  Plaintiff is granted leave to file an amended complaint to cure the deficiencies identified
8  herein, if possible. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district
9  courts must afford pro se litigants an opportunity to amend to correct any deficiency in their
10 complaints). Should plaintiff choose to file an amended complaint, he shall identify each
11 defendant in both the caption and the body of the amended complaint, and clearly set forth the
12 allegations against each such defendant. He shall also specify a basis for this court's subject
13 matter jurisdiction.

14 Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
15 make an amended complaint complete. Local Rule 220 requires that an amended complaint be
16 complete in itself. This is because, as a general rule, an amended complaint supersedes the
17 original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once
18 plaintiff files an amended complaint, the original no longer serves any function in the case.
19 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
20 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
21 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*
22 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

23 Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
24 Procedure, this court's Local Rules, or any court order may result in a recommendation that this
25 action be dismissed. *See* Local Rule 110.
26 ////

1    Accordingly, IT IS ORDERED that:

2    1. Plaintiff's request for leave to proceed *in forma pauperis* is granted.

3    2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in
4    accordance with the notice to the Solano County Sheriff's Office filed concurrently herewith.

5    3. Plaintiff's complaint is dismissed with leave to amend.

6    4. Plaintiff is granted thirty days from the date of service of this order to file an amended
7    complaint. The amended complaint must bear the docket number assigned to this case and must
8    be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended
9    complaint. Failure to timely file an amended complaint in accordance with this order will result
10   in a recommendation this action be dismissed.

11   DATED: August 12, 2010.

         /s/ Edmund F. Brennan
         EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE

5