IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY D. WILLIAMS,

    Plaintiff,                         No. CIV S-10-0773 GEB EFB P

    vs.

DAILY REPUBLIC, INC., et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

                                  /

        Plaintiff is a state prisoner proceeding without counsel in this action. On August 12, 2010, the court dismissed plaintiff's complaint with leave to amend. On September 7, 2010, plaintiff filed an amended complaint. For the reasons set forth below, the court finds that plaintiff's amended complaint fails to state any claims for which relief can be granted and recommends that this action be dismissed with prejudice.

        Much like the original complaint, plaintiff's amended complaint alleges that the Daily Republic, Inc., and Jess Sullivan, violated plaintiff's First, Sixth and Fourteenth Amendment rights and also slandered plaintiff in their media coverage of plaintiff's murder trial. Dckt. No. 10. However, the amended complaint fails to identify proper defendants for plaintiff's constitutional claims. In order to state such civil rights claims under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that

the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff fails to allege that the defendants were state actors or that they were otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Because plaintiff seeks relief under section 1983 against private parties, his claims fail as a matter of law and cannot be cured by amendment.

Moreover, even if plaintiff had named proper defendants, his claims that he did not receive a fair trial and was denied effective assistance of counsel, would likely be *Heck* barred. Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing to *Heck v. Humphrey*, 512 U.S. 477 (1994)). If plaintiff wishes to challenge the legality or duration of his confinement, he must do so by filing a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Plaintiff's remaining claim, slander, arises under state law. Thus, there is no adequate basis for the court to assert federal question jurisdiction.

Accordingly, it is hereby RECOMMENDED that this action be dismissed without further leave to amend for plaintiff's failure to state a claim. *See* 28 U.S.C. § 191(e)(2)A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

////

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
6 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
7 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
8 Dated:  March 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3